### UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Rita Gallusser | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3-13-cv-509-S |
| | ) | |
| Soaring Capital, LLC | ) | |
| *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| National Registered Agents | ) | |
| 160 Greentree Dr. | ) | |
| Suite 101 | ) | |
| Dover, DE 19904 | ) | |

## CLASS ACTION COMPLAINT and
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant, Soaring Capital, LLC ("Soaring Capital"), is a third-party debt collector. Soaring Capital purchased a credit card debt allegedly owed by Plaintiff Rita Gallusser ("Gallusser"). On July 16, 2012, Soaring Capital sent Ms. Gallusser an initial dunning letter that falsely identified Soaring Capital as the original creditor on a credit card account ending in 8182. Ms. Gallusser never had an account with Soaring Capital. This false statement misled Ms. Galluser as to the original creditor of the alleged debt and overshadowed her rights to dispute and validate the debt under the FDCPA.

## PARTIES

2.      This action is brought by Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

3.      Plaintiff, Rita Gallusser, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky.

4.      Defendant Soaring Capital, is a foreign limited liability company engaged in the business of purchasing debt from creditors and collecting these debts in this state, with its principal place of business located in Elmira, NY 14901. The principal purpose of Defendant is the collection of debts using the mails, telephone, and the other.

5.      Soaring Capital, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## BACKGROUND

6.      Ms. Gallusser is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3) and within the meaning of the Kentucky Consumer Protection Act.

7.      On July 16, 2012, the law firm of Morgan & Pottinger, P.S.C. sent Ms. Gallusser a dunning letter on behalf of Soaring Capital. (A copy of the dunning letter is attached as Exhibit "A").

8.      The July 16th letter states in pertinent part:

Dear Rita B Gallusser:

Please be advised that Morgan & Pottinger, P.S.C. has been retained by Soaring Capital LLC, to collect its account with you. Your balance as of the date of this letter, is $2,505.19. Interest, late charges or other charges, if permitted by agreement or law, may vary from day to day. Please be advised that these may affect the total amount owed if you wish to resolve this matter at a future date.

-2-

| | |
|---|---|
| **ORIGINAL CREDITOR:** | **Soaring Capital LLC** |
| ACCOUNT NUMBER: | 5178052324998182 |
| CURRENT BALANCE DUE: | $2,505.19 |
| OUR FILE NUMBER: | 12T01321 |

(Emphasis added).

9.    Ms. Gallusser never had an account with Soaring Capital, LLC.

10.    Soaring Capital is not the original creditor as alleged in the July 16th letter.

11.    The July 16, 2012 letter is an "initial communication" within the meaning of 15 U.S.C. § 1692g(a).

12.    15 U.S.C. § 1692g(b) provides:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, **or name and address of the original creditor**, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**"

(Emphasis added).

13.     Because the letter falsely identifies Soaring Capital as the original creditor on the debt, Soaring Capital's July 16, 2013 letter overshadows and is inconsistent with Ms. Gallusser's right to request the name and address of the original creditor.

## CLASS ALLEGATIONS

14.     Plaintiff Rita Gallusser brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

15.     Under the claim for violation of the Fair Debt Collection Practices Act, these persons comprise all persons whom Defendant, Soaring Capital, or its agents, employees, or representatives (including but not limited to its attorneys of the law firm of record in this case: Morgan & Pottinger, P.S.C.):

> sent a dunning letter after, or within the last 12 months prior to, the date of filing the Complaint in this case, that falsely identified Soaring Capital, LLC as the original creditor on the debt alleged in the letter.

16.     This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded for violation of the Act.

17.     The class so represented by Plaintiff in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

18.     Plaintiff's claims are typical of the claims of the class.

19.     There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether the false identification of Soaring Capital as the original creditor on a debt in an initial communication violates the FDCPA.

-4-

29.     There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

30.     Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

31.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32.     Plaintiff's attorneys have successfully represented other claimants in similar litigation.

33.     The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

35.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36.     The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

37.     Because many of the potential Plaintiffs sued and/or sent a dunning letter by Defendant may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

38.     Plaintiff, Rita Gallusser, incorporates paragraphs 1-37 above as if fully set forth herein.

39.     The above-described actions by Soaring Capital constitute violations of the Fair Debt Collection Practices Act.

40.     Defendant's, Soaring Capital's violations of the FDCPA include, but are not limited to, the following:

> Soaring Capital violated 15 U.S.C. § 1692g by falsely identifying itself as an original creditor in its initial communication to Ms. Gallusser.

WHEREFORE, Plaintiff requests that the Court grant her and all potential class plaintiffs relief against Defendant, Soaring Capital, LLC as follows:

1.     The maximum amount of statutory damages for each member of the class provided under 15 U.S.C. §1692k;

2.     Attorney's fees, litigation expenses and costs as provided by 15 U.S.C. §§ 1692 *et seq*.; and

3.     Such other and further relief as is appropriate.

Respectfully submitted,


/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney PLC*
10600 Timberwood Circle Suite 1
Louisville, KY 40223
jmckenzie.j5@gmail.com
Tel:    (502) 371-2179
Fax:    (502) 214-3121

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com